Kevin Fong, Pillsbury-Winthrop, Shaw-Pittman, representing Appellants Low Enterprises and Boheka. May it please the Court, the key issue on appeal is whether the Bankruptcy Court had authority to grant the relief given in its February 2003 order. That order relieved Lowe Enterprises from the consequences of being three days late in accepting the assignment by the debtor of an agreement with the City of Reno for the development of parklands. This dispute... The Bankruptcy Court basically treated this as if it was a failure to meet a court deadline. You know, this was a... am I right? I mean... Right. It was failure to meet a deadline for notification under the settlement agreement. Correct. And... no, I mean, I said one thing, you said something else altogether, and you said that's correct. You know, I don't know what you gained by doing that. If you disagree with me, then disagree with me. Say no. I just misheard. A court-imposed deadline. I said the Court treated this as basically a failure to meet a court-imposed deadline, like failure to file a brief in 14 days. Is that what happened? I mean, this is a commercial contract. The settlement agreement is a commercial contract. Options are strictly construed, you know, times of the essence, and the Court went and I mean, I am baffled by where the Court got the authority to do that. At a minimum... It's not like missing a briefing deadline. This is a commercial arrangement negotiated for... ...under Nevada state law. You agree that this is treated as a contract, and... Right. This would be treated as a contract. Absolutely. ...and the question is, how do you construe a contract? This is not like filing a late brief. Correct. This is a deadline under a settlement agreement between parties. And Nevada state law is absolutely clear that time is of the essence when it comes to options, particularly sequential options, because, of course, the demarcation point between one party exercising an option and the next party exercising an option is the very essence of the negotiations. I mean, you know, they set the boundary line, and the Court can't go moving that line around, or what? In a normal options case where you have that rule of strict construction, there's no risk of forfeiture in a normal options case. This was not a normal options case because here there was a forfeiture. Excuse me. Why isn't it the very essence of an option? If you have a 30-day option, you ever try exercising it the day after the option expires? You ever try doing that? No. You know what you get? Nothing. Boob kiss. Nothing. Nothing at all. Nothing happens. You try to do it, the stock has just shot up, you try to go and say, I want my option. And they say, it expired yesterday. You can't go to the stock shot up. And to take that analogy, here you had not only do you lose the option because it's expired, but also you have to hand over three pieces of property that you already own. Let me ask you this. At the time that the deadline was missed, had the foreclosure sale taken place? Yes. And was your client then in possession? Yes, was the successful bidder. And had the deed been conveyed? I believe so, but I'll have to check the record on that. But everybody agrees that we were the owner at that point in time. What you're trying to do is bring yourself within the scope of Nevada law where the homeowner who's got a mortgage, who's paying off the bank, misses a deadline by a few days, and the Nevada law says, you know, that's a forfeiture and we'll try very hard to avoid that. This does not seem to me that kind of a forfeiture. This seemed to me much more like an ordinary option contract. But again, in an ordinary option contract, the end result would not be a turnover of pieces of property where you held title to. But of course, neither one, neither your client nor the other side is going to end up owning this property. I mean, this property is going to be a park. Ultimately, that was the intent of everyone, that it would become a park. So what we're really not talking about is whether you or the other side owns the property because the property is going to be owned, I gather, by the city of Reno. I assume that's who's going to be the owner of the park. If things go as planned, correct. So this just doesn't smell to me like the forfeiture case for which the Nevada rule was designed. Here, if you look at it this way, though, both sides were seeking equitable remedies in a sense, because USA Commercial was seeking specific performance. They wanted an order directing loans. Oh, but this proves too much. I mean, it's always the case. In a way of competing successive options, it's always the case. One person says, well, I want specific performance. I don't see why that helps you in the least. I mean, this is a contract that was negotiated by both sides with lawyers, and the decision was made that you're going to have sequential 30-day periods. And it was perfectly well understood that if Lowe's didn't exercise the option the first 30 days, then the other side would have 30-day exercise option. And if it didn't, then, you know, other things happened. What you want to do is now renegotiate that line and say, you guys only get 27 days. We get 33 days. Wasn't that time to do that at the negotiating table? You could have made it 33 and 27, right? Absolutely. Didn't. But we also put in, and the parties agreed to, the provision that Nevada law would apply. So it really does turn on, is this an option or not? Could it go the other way around? Let's say you guys have exercised on the 29th day. Could the other side have come in and said, you know, we really think retroactively the period should be 28 and 32. And they exercise on the 29th day. We want specifically the court to move the line back so that the exercise turns out to be invalid. Would that have been okay? Only if they could come up with some plausible claim why that was a forfeiture. There's no forfeiture in that setting. They had nothing to lose. Sure, sure. They say we forfeit the chance to exercise the option ourselves because you guys maliciously exercised it within 30 days. You know, you really, the line should be at 28, not at 29 or 30. Under that scenario, they had no property to lose. We're the ones who held title to the property during the whole time. So while it's interesting to try and spin out scenarios, it's hard to think of a scenario where USA Commercial could have been subject to a forfeiture because we had the title to the property being the successful bidder at the foreclosure sale. Doesn't this just show that the whole idea of forfeiture just has no applicability here? It's just stretch of sad. This is not a case where you pay the mortgage a little bit late. I mean, it just shows that the whole idea of forfeiture just has no applicability here. I don't see much difference between moving the line forward to 33 days and moving it back to 28 days. To me, they're exactly the same act. They're both entries on either side. One of them will get the property. The other side will not get the property. The two things seem perfectly equivalent, and the fact that you can't make the scenario symmetrical just shows to me that the whole idea of forfeiture just doesn't have any applicability here. But also in this case, the parties negotiated not only the 30-day notification deadline, but they also negotiated the applicability of Nevada state law under the choice of law provision. So I think the case really does turn on whether you characterize this as an option or not. The cases in Nevada which have strictly construed options are ones where there was no risk of anybody losing any property other than the potential rights under the contract that was being optioned. Here, you sort of — it's sort of a hybrid in this case. But let me interject. There is no risk of your client losing this property. That is to say, your client never would have held on to this property because this property is never going to be your client's and it's never going to be USA's in the long run. It's going to belong to the city of Reno. If everything went as planned on the parks agreement. It doesn't go as planned with you taking the option or USA taking the option. City of Reno has a binding contract that these properties will become parks belonging to the city of Reno, which they may or may not have enforced. So the property is worth something apart from the parks agreement. Property is property. It always has some value to it. The parties in this case think it has $750,000 worth of value. It may be more. It may be less. And it has some value apart from the parks agreement. So it depends on whether you view this as an entire paragraph and integrated provision, 6-2, which encompasses both the land and the parks agreement, or if you try and split it up into two portions. I mean, one possible result is that maybe there's one result for the parks agreement and a different result for the land. Here, USA Commercial wants both. They wanted an order from the bankruptcy court directing the handover of both the land and the parks agreement. Thank you, Mr. Farmer. I think we understand your position. Thank you. Good morning, Your Honors. I am Sally Armstrong. How are you, Ms. Armstrong? Fine, thank you. On behalf of USA- Is there anything here today that you think wasn't adequately covered in your brief? Actually, no, Your Honor. If I might, I'd like to just follow up on the forfeiture argument. Yes, you must think there was something that was not adequately covered in your brief. Your Honor, I- Despite your answer. Your Honor, I think that what the record shows is that Lowe's foreclosure on this property, and foreclosure was very important to Lowe, that's shown at page 909 of the excerpts of the record, that Lowe's foreclosure on this property was contemplated. Section 6 of the settlement agreement was written to contemplate that. And what really happened is that Lowe took the property subject to its agreement to transfer that property to USA in the event that it did not exercise its option within that 30-day period. Lowe owned this property for a mere 11 days, and I believe that even Nevada law does not support Lowe's theory, even if this is not an option, Nevada law does not support Lowe's theory that this was a forfeiture, because Lowe took this property subject to its agreement to give this property back. I think that our brief adequately discusses, in direct response to your question, Your Honor, adequately discusses that in the Ninth Circuit settlement agreements, our contracts- You're not going to tell us what you believe adequately discusses? And they're violent. Is that what you're going to do now? Your Honor, I have- And you think the previous point was not adequately discussed in your brief? Your Honor, I believe our brief adequately does discuss these issues. I believe the district court which reviewed this under de novo standard realized that this was a settlement agreement, that the settlement agreements are violent in the Ninth Circuit under the Jeff D. I'm sorry. Are you going on to stuff that's not- No, Your Honor. No, I'm not. Is that what's going on? No. No. Unless I believe that our brief does cover these issues, I believe that the district court decision from which law appeals is a well-reasoned decision which applied the correct standard of review. And I- This is not adequately covered? You didn't say that in your brief? No. Thank you. Is that what it is? Yes. Are there any other questions? Others? No. No, Your Honor. I believe our brief adequately covers these issues. Thank you. Thank you. Thank you. One more try at answering Judge Lecher's question. It is obviously true that ultimately people anticipated that the land would end up in the hands of the City of Reno, but it's a question under what terms. Everyone contemplated that it would end up in the hands of the City of Reno for payment. And really that's what's being forfeited here, not just the mere title to the property for the interim time between the handover from Lowe's to USA and thereafter to the City of Reno, but it's really, you know, what do the parties get in return for that? So it's a forfeiture either of cash or land, whichever way you look at it, but it's still a forfeiture nonetheless, which is something that's not characteristic of an option, Your Honor. Okay. Thank you. The case is now able to stand for a minute.
judges: Kozinski, W. Fletcher, Holland